**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**

| WESTFIELD INSURANCE COMPANY, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:10-CV-123-TS |
| | ) | |
| ROBERT H. HILL, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

**A.    Background**

On March 17, 2010, Westfield Insurance Company filed a Complaint for Declaratory Judgment [DE 1] against Defendants Robert Hill, Mildred Hill (the Hills), and Jane Roe, individually and as the Next Friend and Legal Guardian of John Doe, a minor. Westfield filed the Complaint after the Hills requested that it defend and indemnify them under an insurance policy that Westfield issued to the Hills for a property located in LaPorte County, Indiana. The Hills had been named as defendants in a lawsuit filed in LaPorte Superior Court by John Doe by his Next Friend and Legal Guardian Jane Roe. The lawsuit alleges that the Hills' negligent failure to supervise, inspect, and maintain their property in a safe condition during a picnic at the property caused John Doe to sustain injuries when he was sexually molested by Mark Comford, another person who was attending the picnic.

Westfield is not a named party in the state lawsuit, but is currently defending the Hills pursuant to a full and complete reservation of rights, but contends that it does not actually owe a duty to defend against the lawsuit or to indemnify the Hills. Accordingly, Westfield requests that this Court declare that it has no duty under the insurance policy to defend the Hills or to indemnify the Hills against the state court lawsuit.

On April 28, Defendant Jane Roe filed a Motion to Dismiss Under Rule 12(b)(3) for Improper Venue and or to Consolidate Pursuant to Rule 42(a) [DE 5]. She argues that this case involves issues of fact and law that are common with those in the LaPorte Superior Court case, namely, the "liability of [Westfield] for Mark Comford's alleged molestation of John Doe at the [Hills'] lake home." (Mot. to Dismiss ¶ 2.) The Defendant asserts that the state court has jurisdiction because the state action was filed before Westfield's Complaint for Declaratory Judgment.

On April 29, Westfield filed its Response to Jane Roe's Motion to Dismiss and/or Consolidate [DE 8]. Westfield maintains that venue is proper in this district because a substantial part of the events or omissions giving rise to the claim occurred in this district, and because the Defendant are subject to personal jurisdiction in this district. Westfield contends that consolidation is not appropriate because a district court has no authority under Federal Rule of Civil Procedure 42(a) to consolidate an action pending before it with an action that is pending in state court.

**B.     Discussion**

**1.     *Venue***

The Defendant presents her Motion as one requesting alternative relief, with the first submitted alternative being to dismiss the case for improper venue. However, the body of her Motion contains no reference to statutes, rules, or case law governing venue, and does not present any argument related to venue. (The Defendant did not file a memorandum of law in support of her Motion.) In the concluding paragraph of her Motion, the Defendant requests that

the Court "dismiss this case so it can [be] properly refiled in state court." (Mot. 2.) The state court the Defendant refers to is geographically located in the judicial district for the Northern District of Indiana.

Venue concerns the appropriate district court in which an action may be filed. *Norkol/Fibercore, Inc. v. Gubb*, 279 F. Supp. 2d 993, 998 (E.D. Wis. 203). As a general rule, the proper venue of an action in federal court is determined by federal venue statutes. *Id.* at 999. Venue in this diversity case is governed by 28 U.S.C. § 1391(a), which provides that the action may be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought." The Defendant does not challenge that the events at issue in this case occurred within this judicial district, *see* 28 U.S.C. § 1391(a)(2), or that she and Doe are citizens of Indiana and thus subject to personal jurisdiction in this district, *see id.* § 1391(a)(3).

The Defendant has not shown that she is entitled to relief on her Motion to Dismiss Under Rule 12(b)(3) for Improper Venue. It is not even clear, given the lack of a developed argument, that the Defendant's challenge is one that concerns venue. If the Defendant desires to challenge whether the Northern District of Indiana is a proper venue, she may refile her motion, which must be "accompanied by a separate supporting brief," N.D. Ind. L.R. 7.1(a), developing the factual and legal basis for the requested relief.

**2.** *Consolidation*

The Defendant cites Federal Rule of Civil Procedure 42(a) to support her argument that Westfield's declaratory action should be consolidated with her state lawsuit against the Hills for negligence. Rule 42(a) authorizes a court to consolidate "actions before the court [that] involve a common question of law or fact." Rule 42(a) is not applicable here for the simple reason that the state court action is not "before" this Court. Fed. R. Civ. P. 42(a); *see, e.g., Zhu v. Countrywide Realty Co.*, 160 F. Supp. 2d 1210, 1227 (D. Kan. 2001) ("Rule 42(a) does not provide for consolidation of state appellate court cases and federal district court cases.").

**CONCLUSION and ORDER**

For the foregoing reasons, the Defendant's Motion to Dismiss Under Rule 12(b)(3) for Improper Venue and or to Consolidate Pursuant to Rule 42(a) [DE 5] is DENIED. The Defendant's Amended Motion for Enlargement of Time Within Which to File Defendant's Answer to Complaint [DE 7] is GRANTED and the Defendant is granted thirty days from the issuance of this Opinion and Order to file a responsive pleading. The Defendant's previously-filed Motion for Enlargement of Time [DE 6] is rendered MOOT.

SO ORDERED on May 17, 2010.

                                         s/ Theresa L. Springmann
                                         THERESA L. SPRINGMANN
                                         UNITED STATES DISTRICT COURT
                                         FORT WAYNE DIVISION